JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

January 14, 2021

**VIA ECF**

Honorable Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: Amy Sinavsky v. NBCUniversial Media, LLC, et ano, Case No. 1:20-cv-09175 – Plaintiff's Letter in Opposition to Defendants' Pre-Motion Letter

Dear Judge Vyskocil:

We represent Plaintiff Amy Sinavsky in the above-referenced action. Pursuant to Rule 4.A.i. of Your Honor's Individual Rules, we respectfully write in opposition to Defendants' Letter for a Pre-Motion Conference. (Dkt. No. 9). Plaintiff intends to oppose Defendants' motion to compel on the grounds outlined below.[1]

Plaintiff Amy Sinavsky ("Plaintiff' or "Ms. Sinavsky") is a former employee of Defendants NBCUniversal Media, LLC ("NBC") and Christine MacDonald, a Manager of Technical Operations at NBC ("MacDonald") (collectively, "Defendants"). Plaintiff was employed by Defendants as a Technical Associate Operator from August 17, 2015 until May 10, 2020, when she was terminated because of her race. Her complaint alleges that Defendants terminated Plaintiff because of her Asian ethnicity in violation of 42 U.S. Code § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); and the New York City Human Rights Law, ("NYCHRL"), New York Administrative Code §§ 8-107(1), *et al.* (Dkt. No. 1).

Defendants assert that Ms. Sinavsky is barred from bringing her claims in this Court because the collective bargaining agreement that governs her employment with NBC ("CBA") requires her to submit "all claims related to her work" at NBC to binding arbitration. (Dkt. No. 9 at 2). Defendants are incorrect. Defendants gloss over the plain language of the relevant provisions of the CBA, ignore Second Circuit precedent, and rely on a state court decision that applied a state law rule that is unreconcilable with binding federal law. Simply put, Plaintiff's claims are brought as independent statutory claims and not breach of contract claims, which are subject to the CBA's arbitration provision.

---
[1] Plaintiff takes no position on Defendants' request to stay their time to file a responsive pleading pending the resolution of their application.

The bar for preventing Plaintiff from bringing her claims in this Court is high. Plaintiff must submit to arbitration only if there was a "clear and unmistakable waiver" of her right to pursue her statutory claims in federal court. *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016). "In order for a mandatory arbitration provision in a CBA to encompass an employee's statutory discrimination claims, the inclusion of such claims must be unmistakable, so that the wording is not susceptible to a contrary reading." *Id.* In other words, Defendants' motion must be denied if there is a reasonable reading of the CBA that the requirement that she submit to arbitration does not apply to her statutory discrimination claims.

Article II, § 2.1 of the CBA is an anti-discrimination provision and provides that:

> Neither the Union nor the Company will discriminate against any employee because of race…or any other characteristic protected by applicable federal, state or local law, in violation of such law, including but not limited to… Sections 1981 through 1988 of Title 42 of the United States Code…the New York State Human Rights Law, the New York City Human Rights Code, California Fair Employment and Housing Act… or any other federal, state or local law prohibiting discrimination.

The CBA goes on to state that an employee may file a grievance "alleging that [NBC] has violated the second sentence of Section 2.1." CBA Art. XX § 20.1.

In *Lawrence v. Sol G. Atlas Realty Company*, the Second Circuit held that when a CBA contains a clause prohibiting the employer from discriminating against their employees in a manner that violates specific ant-discrimination statutes, this provision creates an *additional* contractual right for the employee to be free from illegal discrimination (which is separate and in addition to an employee's statutory rights). *Lawrence,* 841 F.3d at 85. The Court explained that "a contractual dispute is not the same thing as a statutory claim, even if the issues involved are coextensive." *Id.* Importantly, when the CBA's arbitration provision references the anti-discrimination provision when describing the claims that are being waived, this reference must make clear that the waived claims include the separate statutory claims. *Id.* In *Lawrence,* the Second Circuit held that the plaintiff had not waived their right to bring their statutory claims in court because the contractual language that defined the waived claims– "any disputes under this [anti-discriminatory] provision" and "any dispute or grievance between the Employer and the Union" – "could be interpreted to mean disputes under the CBA and not claims under antidiscrimination statutes." *Id.* This binding precedent dictates the analysis in this case.

The CBAs in this case and in *Lawrence* are structured the same way – with the scope of the arbitration provision being defined through the incorporation of a separate anti-discrimination provision in the CBA. As *Lawrence* makes clear, the plain language of the incorporation provision matters and dictates whether there is a "clear and unmistakable waiver" of a particular claim.

Just as in *Lawrence*, Article II, § 2.1 of the CBA creates a contractual right (in addition to the statutory right) for Plaintiff to be free from unlawful discrimination. The CBA states that an employee may file a grievance "alleging that [NBC] has violated the second sentence of Section 2.1." CBA Art. XX § 20.1. The CBA further provides that the arbitration procedures "shall provide

2

the sole and exclusive procedure for resolution of such claims, and neither the Union or any aggrieved employee may file an action or complaint in court or any claim that ***arises under Section 2.1,*** having expressly waived the right to so file." CBA Art. XX § 20.1 (emphasis added).

Here, the CBA is clear that Plaintiff has waived only those claims that "arise under Section 2.1." Article II, § 2.1 prohibits NBC from discriminating against employees in a manner that would violate the relevant anti-discrimination statutes. The only claims that "arise" under this section are contractual claims for discrimination – claims for statutory violations do not "arise under" this section, as they are available to Plaintiff whether this section exists or not. Thus, the CBA here is analogous to the CBA in *Lawrence*, where the Court held the Plaintiff had not waived their right to file their statutory claims for discrimination in court. *Lawrence,* 841 F.3d at 85.

Defendants' reliance on *Decker v. NBCUniversal Media, LLC*, Case No. 150719/18, 2018, N.Y. Misc. LEXIS 4449 (N.Y. Sup. Ct. Oct. 5, 2018), the New York state court decision that interpreted this CBA as requiring NBC employees to arbitrate their claims, is misplaced. The *Decker* court itself recognized that the decision in *Lawrence* (along with another federal district court applying *Lawrence*) likely required holding that this CBA did not require NBC's employees to arbitrate discrimination claims; however, the Court felt compelled to rule in favor of NBC because it considered itself bound by contrary state court precedent. *Id.* at *10-15. This Court is not bound by this state law precedent and should follow the binding Federal law here.

This Court should disregard Defendants' argument that a delegation clause in NBC's dispute resolution program ("Solutions") requires dismissal of this action. (Dkt. No. 9 at 3).[2] Plaintiff is not a party to Solutions and is thus not bound by that agreement. Moreover, the plain language of the Solutions's delegation clause only applies to the arbitrability of issues related to Solutions, not to the CBA. *Id.* ("The Arbitrator…shall have exclusive authority to resolve any dispute relating to…***this Agreement***…" (emphasis added)). Finally, there is no delegation clause in the CBA, and the CBA does not incorporate Solutions or any of its provisions. The only reference to Solutions in the entire CBA is in the context of providing employees a right to go to Solutions, should they choose to. *See* CBA Art. XX § 20.1 ("…the aggrieved employee ***may*** submit his or her claim to the Company's mandatory dispute resolution program (currently called "Solutions")" (emphasis added)). This passing reference to Solutions in the CBA is plainly insufficient to show that Plaintiff "clearly and unmistakably" agreed to delegate the issue of arbitrability of the CBA to an arbitrator. *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002).

We respectfully oppose Defendants' anticipated motion to compel and dismiss. Thank you for your consideration in this matter.

Sincerely,

/s Michael DiGiulio
Michael DiGiulio

---

[2] Defendants have not provided the relevant portions of the Solutions document to the Court, but instead cite to Exhibit B at 22, which does not exist. Plaintiff relies on Defendants' representation of the Solutions delegation clause provided in the body of Defendants' letter.

3

                                        D. Maimon Kirschenbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: 212-688-5640
                                        Fax: 212-688-2548

                                        *Attorneys for Plaintiff*

4