UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY SINAVSKY,<br><br>    Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC d/b/a NBC, and CHRISTINE MACDONALD<br><br>    Defendants. | Civil Action: 1:20-cv-09175 |

## DECLARATION OF MICHAEL DIGIULIO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS, OR IN THE ALTERNATIVE, STAY THIS ACTION

I, Michael DiGiulio, an attorney duly admitted to practice law in the Court of the State of New York, hereby declare:

1. I am an attorney with the law firm Joseph & Kirschenbaum, LLP, attorneys for Plaintiff Amy Sinavsky in the above captioned action. I submit this declaration and the attached exhibits hereto in support of Plaintiff's Opposition to Defendants' Motion to Compel Arbitration and to Dismiss or in the Alternative Stay This Action. (Dkt. No. 13).

2. Attached hereto as Exhibit A is a true and correct copy of relevant provisions of the collective bargaining agreement between Defendant NBCUniversal Media LLC ("NBC"), and the National Association of Broadcast Employees and Technicians – Communications Workers of America union.

3. Prior to the filing of the complaint in this action, Plaintiff and Defendants attended a pre-litigation mediation.

4.       Attached hereto as Exhibit B is a true and correct redacted copy of an email from D. Maimon Kirschenbaum, a partner at Joseph & Kirschenbaum, LLP to Tope Yusuf, Defendant NBC's in house counsel, dated September 3, 2020.

5.       In their September 9, 2020 email correspondence with Kelly Cardin, Esq., Plaintiff's counsel intended to reserve all rights to object to the applicability of the Solutions manual to Plaintiff's claims.

6.       In all relevant communications with Defense counsel, including at the mediation, Plaintiff's counsel has consistently taken the position that Plaintiff challenges the applicability of the arbitration provision in the CBA, and of Solutions, to Plaintiff's claims in this Action.

Dated: New York, New York                     _s/Michael DiGiulio_
February 26, 2021                                         Michael DiGiulio

                                                                  *Attorney for Plaintiff*

# Exhibit A

Master Agreement dated as of April 1, 2015 between NBCUniversal Media, LLC, as the owner and operator of those television and radio stations, television and radio network operations and other entities and operations that were covered by the 1983-1987 NABET-NBC Master Agreement and news bureaus as set forth in Stipulation 19, but only to the extent that such stations, network operations, other entities and operations and news bureaus continue to be owned and operated by NBCUniversal Media, LLC (hereinafter called the "Company"), and the National Association of Broadcast Employees and Technicians, the Broadcasting and Cable Television Workers Sector of the Communications Workers of America, AFL-CIO-CLC, or its successor (hereinafter called the "Union" or "NABET-CWA").  In the event of a sale, merger or consolidation of all or a part of an entity or operation covered above, the Company will give the Union written notice thereof as soon as practicable.  Upon request of the Union, the parties will meet as soon as practicable thereafter to discuss and bargain over the effect on the bargaining unit(s) impacted by such sale, merger or consolidation.

It is the intent and purpose of the parties hereto to set forth herein the basic collective bargaining agreements between the parties in two (2) parts: (I) GENERAL ARTICLES covering those subjects which are uniformly applicable to substantially all of the basic relationships, hours of work and general conditions of employment, including a procedure for prompt, equitable adjustment of grievances to the end that there shall be no work stoppages or other interferences with operations during the life of these Agreements; and (II) INDIVIDUAL ARTICLES which will contain the description of each bargaining unit, which shall not be affected hereby, the rates of pay and any unusual working conditions which have no general application. In the event of any conflict between the General and Individual Articles, the Individual Articles will prevail. Whenever in the wording of this Agreement the masculine gender is used, it shall be understood to include the feminine gender.

GENERAL ARTICLES

ARTICLE I

RECOGNITION AND WARRANTY

Section 1.1

The Union represents and warrants, and it is of the essence hereof, that it represents for collective bargaining purposes all of the employees of the Company as defined in the applicable SCOPE OF UNIT clause, and the Company recognizes the Union as the exclusive bargaining agent for all such employees of the Company.

# Exhibit B

**Subject:** RE: Sinavsky v. NBCUniversal
**Date:** Thursday, September 3, 2020 at 3:58:54 PM Eastern Daylight Time
**From:** Maimon Kirschenbaum
**To:** Yusuf, Tope (NBCUniversal), Mike DiGiulio
**CC:** Ji, Tatum (NBCUniversal)
**Attachments:** image001.jpg, Lawrence v. Sol G. Atlas Realty Co._ 841 F.3d 81 (1).pdf

Tope.

The arbitration provisions allows Ms. Sinavsky to bring claims of discrimination on a contractual basis (claims "arising under Section 2.1").  If she chooses to do so, she must arbitrate.  But if she brings claims under her independent statutory right not to be discriminated against, she is free to move forward in Court.  See the attached Second Circuit decision delineating this difference.  We are not interesting in arguing this point further.

You have our demand.  You can respond, mediate, or do neither.  We are filing on September 9.

Thanks.

Maimon

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

