UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
AMY SINAVSKY,                                                :
                                                             :
                    Plaintiff,                     :
                                                             :
         -against-                                     :   Case No. 1:20-cv-09175
                                                             :
NBCUNIVERSAL MEDIA, LLC d/b/a NBC, and                       :
CHRISTINE MACDONALD,                                         :
                                                             :
                    Defendants.                    :
------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS,
OR IN THE ALTERNATIVE, STAY THIS ACTION**

Kelly M. Cardin
Jessica R. Schild
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022
212.492.2500

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    A.    The Delegation Clause Applies to Plaintiff. ............................................................ 3

    B.    Plaintiff Clearly and Unmistakably Waived her Right to Bring Statutory Discrimination Claims in Court. ............................................................................ 5

CONCLUSION ............................................................................................................................... 9

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdullayeva v. Attending Homecare Servs. LLC*,
    928 F.3d 218 (2d Cir. 2019)................................................................................................4, 6

*Cox v. Perfect Bldg. Maint. Corp.*,
    No. 16-CV-7474, 2017 U.S. Dist. LEXIS 111202 (S.D.N.Y. July 18, 2017) ...................6, 8, 9

*Gingras v. Think Fin., Inc.*,
    922 F.3d 112 (2d Cir. 2019)........................................................................................................5

*Metzger v. Aetna Ins. Co.*,
    227 N.Y. 411, 125 N.E. 814 (1920)..........................................................................................4

*Pagaduan v. Carnival Corp.*,
    709 F. App'x. 713 (2d Cir. 2017) ............................................................................................4

*Pingel v. G.E.*,
    No. 3:14-CV-00632, 2014 U.S. Dist. LEXIS 175526 (D. Conn. Dec. 19, 2014)..................4, 5

*Pupiales v. Bldg. Mgmt. Co.*,
    No. 2012 Civ. 158098, 2014 WL 255711 (Sup. Ct. N.Y. Cty. 2014),
    *aff'd*, 126 A.D.3d 491 (1st Dep't 2015)...................................................................................3

*Restea v. Brown Harris Stevens LLC*,
    No. 17 Civ. 4801, 2018 U.S. Dist. LEXIS 48362.................................................................6, 9

*Rogers v. New York Univ.*,
    220 F.3d 73 (2d Cir. 2000), *abrogated on other grounds, 14 Penn Plaza LLC
    v. Pyett,* 556 U.S. 247 (2009).......................................................................................................7

Defendants NBCUniversal Media, LLC ("NBCU") and Christine MacDonald ("MacDonald") (collectively the "Defendants") respectfully submit this Reply Memorandum of Law in Support of their Motion to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") and Federal Rules of Civil Procedure 12(b)(1) and (6). As explained below, the Court should compel Plaintiff Amy Sinavsky ("Sinavsky" or "Plaintiff") to arbitration, and dismiss or stay the case in its entirety.[1]

## PRELIMINARY STATEMENT

In Opposition, Plaintiff presents a tangle of arguments in an effort to avoid her contractual obligation to arbitrate. Once the arguments are untangled and viewed under the applicable and well-defined legal standards, it is clear that Plaintiff's claims must be sent to arbitration.

The delegation clause in Solutions is valid and applies to Plaintiff. As a NABET-CWA member, Plaintiff delegated to the union the responsibility of negotiating the terms and conditions of her employment. Plaintiff has not even attempted to rebut Defendants' position that her union bargained for and agreed to Solutions, and there can be no dispute on this point. The union agreed that any "aggrieved employee may submit his or her claim to the Company's mandatory dispute resolution program (currently called 'Solutions')" and that the process detailed in the arbitration provision of the CBA "shall provide the sole and exclusive procedure for resolution of such claims . . . ." Thus, Plaintiff's argument that she did not agree to Solutions, *i.e.*, that it is "void," is belied by the uncontested evidence, including the plain text of the CBA. Even if there were a genuine dispute on the issue on whether Solutions is void or applicable at all, by Solutions' terms, such a

---

[1] Defendants file their Motion to Compel Arbitration in lieu of answering or moving to dismiss the Complaint. Defendants respectfully reserve their rights to file a subsequent Fed. R. Civ. P. 12(b) motion to dismiss Plaintiff's Complaint, in whole or in part, if their Motion to Compel Arbitration is denied.

dispute must be decided by an arbitrator.  As such, this Court should not take up the issue of arbitrability and should send this matter to arbitration.

Regardless, even if the Court were to address the issue of arbitrability, Plaintiff clearly and unmistakably agreed to arbitrate her statutory claims.  Plaintiff urges this Court to ignore the factors that the Second Circuit considered in *Lawrence* when assessing whether Plaintiff's waiver was "clear and unmistakable."  It should not.  As set forth in Defendants' opening papers, all of the *Lawrence* factors favor arbitration.  In apparent recognition of this, Plaintiff attempts to change the subject to dictionary definitions and phantom standards like "plausibility."  None of Plaintiff's misdirection is supported by applicable law, and it should not guide the Court's analysis.  As the Second Circuit articulated, the relevant inquiry is whether Plaintiff's waiver of her right to bring a statutory claim in court was "clear and unmistakable," and the inquiry is guided through the application of the *Lawrence* factors.  Plaintiff has utterly failed to show that even a single *Lawrence* factor weighs in her favor, and, indeed, all of the factors weigh decidedly in favor of compelling arbitration.

For the reasons set forth herein and in Defendants' Opening Memorandum, Plaintiff "clearly and unmistakably" agreed to arbitrate her statutory discrimination claims under Section 1981, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").  Accordingly, the Court should grant Defendants' Motion to Compel Arbitration.

## **ARGUMENT**

There is no dispute about the overarching framework for analyzing this dispute.  Plaintiff must arbitrate her claims if: (1) the parties agreed to arbitration; and (2) the claims at issue fall

within the scope of the arbitration agreement. There is no dispute on the first prong.[2] The parties agree that the applicable CBA contains an agreement to arbitrate. The only dispute is whether Plaintiff agreed to arbitrate the statutory claims at issue in this lawsuit. She did.

### A.     The Delegation Clause Applies to Plaintiff.

Plaintiff's argument regarding the applicability of Solutions misses the mark. Plaintiff – as a NABET-CWA member – delegated to the union the responsibility of negotiating the terms and conditions of her employment. *Pupiales v. Bldg. Mgmt. Co.*, No. 2012 Civ. 158098, 2014 WL 255711, at *1 (Sup. Ct. N.Y. Cty. 2014) ("[H]aving designated the union as [her] collective bargaining agent, [Plaintiff] is bound by the terms of the agreement negotiated for and made on [her] behalf, including the mandates set forth in the CBA's arbitration clause."), *aff'd*, 126 A.D.3d 491 (1st Dep't 2015). Plaintiff received compensation and benefits for years as a result of her NABET-CWA membership. She cannot now try to escape the employment terms that the union bargained for, simply because she does not like the result.

Here, the union, pursuant to the plain language of the CBA, agreed that employees would bring any arbitration claims pursuant to Solutions. (Mukhopadhyay Aff., Ex. A, Art. XX § 20.1) ("[T]he aggrieved employee may submit his or her claim to the Company's mandatory dispute resolution program (currently called 'Solutions'). . . ." The union further agreed that "[t]he process described in this paragraph shall provide the sole and exclusive procedure for resolution of such claims, and neither the Union nor any aggrieved employee may file an action or complaint in court on any claim that arises under Section 2.1, having expressly waived the right to so file." As such, the CBA plainly provides that if an employee chooses to arbitrate, Solutions will govern the

---

[2] While Plaintiff, in a footnote, argues that there is a question about the parties' agreement to arbitrate per Solutions, there is no dispute that Plaintiff agreed to the terms of the CBA. Solutions merely provides the procedure for any such arbitration; it is not a separate agreement to arbitrate.

3

procedure. There is no legal relevance to the possibility that at some point in the future, the name of the dispute resolution procedure NBCU uses might change. If anything, that conspicuous and unambiguous language shows that the union agreed that the Company's dispute resolution program, regardless of its name, would apply to arbitrations under the CBA.

Further, a party "who signs or accepts a written contract . . . is conclusively presumed to know its contents and to assent to them." *Metzger v. Aetna Ins. Co.*, 227 N.Y. 411, 416, 125 N.E. 814 (1920). The same rules apply to terms incorporated into a CBA. *See Pagaduan v. Carnival Corp.*, 709 F. App'x. 713 (2d Cir. 2017) (holding that where contract specifically referenced standard terms and conditions, and its arbitration provision, Plaintiff was bound by the terms of the contract, including the arbitration clause). Therefore, the CBA – which clearly and conspicuously references Solutions – standing alone, evidences the existence of a meeting of the minds with respect to the parties' agreement to arbitrate the claims at issue here. *See Pingel v. G.E.*, No. 3:14-CV-00632, 2014 U.S. Dist. LEXIS 175526 (D. Conn. Dec. 19, 2014). Having designated the union as [her] collective bargaining agent, and thereby agreeing to the terms set forth in the CBA, "Plaintiff cannot now claim to be innocent of an agreement to arbitrate" pursuant to particular terms. *Id.*; *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218 (2d Cir. 2019) (compelling arbitration where the union was legally authorized to negotiate CBA on Plaintiff's behalf and thus, Plaintiff was bound by the provisions of the CBA). As such, there can be no credible argument that Plaintiff did not agree to Solutions or that Solutions was not incorporated into the CBA. Plaintiff is bound by Solutions.[3]

---

[3] Additionally, Plaintiff's assertion that defense counsel somehow attempted to mislead the Court by quoting verbatim from his email is bizarre, if not downright silly. Regardless, rather than sling more mud, the undersigned respectfully submits that the Court should take opposing counsel's email at face value.

In any event, even if there were a genuine dispute about whether Solutions applies to Plaintiff, that issue must be decided by an arbitrator. Plaintiff does not dispute that the delegation clause included in Solutions is enforceable on its face and that such a clause requires any question of arbitrability to be delegated to an arbitrator. What Plaintiff ignores, however, is that the plain language of Solutions requires that an arbitrator decide the question of whether Solutions is "void" or applicable because Plaintiff did not agree to it. *See generally Pingel*, 2014 WL 7334588, at *3 (explaining that "void" contracts are those that "never came into existence" because there was no meeting of the minds). Indeed, the delegation clause "clearly and unmistakably" states:[4]

> The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the **applicability**, interpretation, formation or enforceability of this Agreement **including, but not limited to, any claim that the entirety or any part of this Agreement is voidable or void**.

(Mukhopadhyay Aff., Ex. B, III.D.18). Thus, to the extent a genuine dispute concerning whether the delegation clause in Solutions applies to Plaintiff exists, that is a question for the arbitrator to decide.

**B.   Plaintiff Clearly and Unmistakably Waived her Right to Bring Statutory Discrimination Claims in Court.**

Even if the Court were to consider the arbitrability issue, *Lawrence* commands the arbitration of Plaintiff's claims. In her Opposition, Plaintiff misinterprets *Lawrence* in several key respects. While *Lawrence* acknowledged that a CBA could contain a contractual right to be free from discrimination, *Lawrence* in no way endorsed finding a separate contractual right premised on a statutory discrimination claim, *e.g.*, Title VII, the ADA, the ADEA, Section 1981, the

---

[4] The standard is not (as Plaintiff claims) whether she "clearly and unmistakably" agreed to arbitrate. Rather, "[w]hen an agreement 'clearly and unmistakably' delegates the issue of arbitrability to the arbitrator," a court must enforce it. *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 126 (2d Cir. 2019). Here, the language in Solutions clearly and unmistakably delegates the issue to the arbitrator.

5

NYSHRL, and the NYCHRL.  Indeed, it tests the bounds of logic to conceive of what such a claim could be, and it suggests that parties could somehow contract into and out of anti-discrimination statutes, which, of course, is not the case.  As the *Lawrence* court intimated, once a CBA references specific anti-discrimination statutes, it will be difficult for a plaintiff to prove that she did not clearly and unmistakably waive her right to bring those claims in court pursuant to a valid arbitration provision – precisely because those statutes are called out by name in the text of the CBA.  *Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474, 2017 U.S. Dist. LEXIS 111202 (S.D.N.Y. July 18, 2017); *Restea v. Brown Harris Stevens LLC*, No. 17 Civ. 4801, 2018 U.S. Dist. LEXIS 48362 (S.D.N.Y. Mar. 23, 2018).

The identification of specific statutes in the No Discrimination provision sets Plaintiff's claims on a path to arbitration, and the application of the additional *Lawrence* factors seal their fate.  Plaintiff agrees that the CBA in *Lawrence* is different than the CBA in this instant action in material ways, but then argues without any support that they have no legal significance.  Here, it is undisputed that the CBA's No Discrimination provision includes specific references to the statutes in question.  *Lawrence*, 841 F.3d 81, 84 (2d Cir. 2016); (Mukhopadhyay Aff., Ex. A, Art. II § 2.1.)  Additionally, the CBA here, unlike the CBA in *Lawrence*, provides that submission of a "claim" to arbitration is the "sole and exclusive procedure for resolution of alleged violations of the 'No Discrimination' clause," which, of course, includes race discrimination "claims" arising under Section 1981, the NYSHRL and the NYCHRL.  *See Abdullayeva*, 928 F.3d at 224 ("[I]n *Lawrence* we held that where the collective bargaining agreement in question merely contained the vague directive that 'any disputes . . . shall be subject' to a grievance and arbitration procedure, the agreement did not clearly and unmistakably mandate arbitration of the plaintiff's statutory

claims."). The agreement here also applies to claims between the company and the employee (rather than between the company and the union).

Because she cannot rebut that these factors weigh in favor of arbitration, Plaintiff focuses on the fact that the No Discrimination provision and the arbitration provision are contained in separate paragraphs of the CBA – a distinction of no import. A waiver is sufficiently clear and unmistakable when "the CBA contains an explicit incorporation of the statutory anti-discrimination requirements in addition to a broad and general arbitration clause." *Rogers v. New York Univ.*, 220 F.3d 73, 75 (2d Cir. 2000), *abrogated on other grounds, 14 Penn Plaza LLC v. Pyett,* 556 U.S. 247 (2009). Thus, "if another provision, like a nondiscriminatory clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement, employees will be bound to arbitrate." *Id.*, 220 F.3d at 76. As such, where the No Discrimination provision is specifically mentioned in the arbitration clause, as it is here, Plaintiff must arbitrate her claims. *Id.*

Plaintiff also spends considerable time arguing about "plausibility," which is not the applicable test. She selectively quotes a sentence from *Lawrence* that uses the word "plausibility," but omits the remainder of the paragraph, which discusses the relevant factors (all of which weigh in favor of arbitration here):

> The "No Discrimination" provision may plausibly be interpreted to require arbitration of contractual disputes only. It makes no mention of "claims" or "causes of action." It cites no statutes. It refers to disputes under "this provision," not under statutes. The references to "law" do no more than define the characteristics on which discrimination is contractually forbidden under the CBA. They do not suggest that statutory discrimination claims based on those characteristics are subject to arbitration.

*Lawrence*, 841 F.3d at 85. When this paragraph is read in its entirety, instead of piecemeal as Plaintiff would have the Court do, it is evident that the Court must consider the relevant factors

7

articulated in *Lawrence* – all of which weigh in favor of arbitration here – to determine whether the waiver was "clear and unmistakable."

Likewise, Plaintiff's "arises under" argument falls short. As discussed in Defendants' opening papers, this precise argument was rejected by the *Decker* court, and reading the No Discrimination provision and the arbitration provision together, as they must be, it is clear (and unmistakable) that Plaintiff waived her right to bring her statutory claim in Court. Specifically, the CBA states:

> Neither the Union nor the Company will discriminate against any employee because of race . . . or any other characteristic protected by applicable federal, state or local law, in violation of such law, including but not limited to . . . Sections 1981 through 1988 of Title 42 of the United States Code, . . . the New York State Human Rights Law, the New York City Human Rights Code . . . or any other federal, state or local law prohibiting discrimination.

(Mukhopadhyay Aff., Ex. A, Art. II § 2.1.).

> . . . the aggrieved employee may submit his or her claim to the Company's mandatory dispute resolution program (currently called "Solutions"), provided such claim complies with the provisions of such program. The process described in this paragraph shall provide the sole and exclusive procedure for resolution of such claims, and neither the Union nor any aggrieved employee may file an action or complaint in court on any claim that arises under Section 2.1, having expressly waived the right to so file.

(*Id*, Ex. A, Art. XX § 20.1.) While Plaintiff would have this Court read "arises under" to mean "such **[contract]** claims", that is not what the plain text of the agreement says. It refers rather to any and all claims, not just "contract claims." The relevant provisions of the CBA specifically provide that *any* claim under the discrimination statutes listed in Section 2.1 cannot be filed in court and must be arbitrated. The *Decker* court considered this precise issue and rejected the argument that Plaintiff advances here.

Additionally, the arbitration provision at issue here is similar to those that the Court has upheld in other cases. For example, the arbitration provision at issue in *Cox v. Perfect Bldg. Maint.*

8

*Corp.*, which the court found to "clearly and unmistakably require[] arbitration, is similar to the provisions in the present CBA. 2017 U.S. Dist. LEXIS. The arbitration provision in *Cox* stated in relevant part:

> There shall be no discrimination against any present or future employee by reason of . . . age, disability . . . or any characteristic protected by law, including, but not limited to, claims made pursuant to . . . the Americans with Disabilities Act, . . . the Age Discrimination in Employment Act, . . . the New York State Human Rights Law, the New York City Human Rights Code . . . or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Article V and VI) as the sole and exclusive remedy for violations.

*Id*., at \*2-3. The court in *Cox* found that not only did the provision explicitly state that all claims must be submitted to arbitration, it also explicitly referenced and incorporated the discrimination statutes that are the subject of the suit. *Id*. at \*8-9; *Restea*, 2018 U.S. Dist. LEXIS 48362, at \*10-11. Similarly, and as seen above, the CBA references, in the same fashion as in *Cox*, the statutes that are the exact subject of this action. Not only that, but the arbitration provision unequivocally provides for arbitration of such "claims." The language is clear and its meaning plain: Arbitration is the "sole and exclusive" remedy for any "claims" related to alleged violations of the statutes listed in Section 2.1.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court compel Plaintiff to participate in arbitration with Defendants in accordance with the CBA and Solutions, and dismiss this case in its entirety, or in the alternative, stay the case pending the outcome of arbitration. Defendants respectfully reserve their rights to file a subsequent Fed. R. Civ. P. 12(b) motion to dismiss Plaintiff's Complaint if its motion to compel arbitration is denied.

Dated: New York, New York
March 5, 2021

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By: */s/ Kelly M. Cardin*
    Kelly M. Cardin
    Jessica R. Schild
599 Lexington Avenue 17th Floor
New York, NY 10022
212.492.2500
kelly.cardin@ogletree.com
jessica.schild@ogletree.com

*Attorneys for Defendants*